UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

LYNNE PETERSON,

      Plaintiff,


v.                                **MEMORANDUM OF LAW & ORDER**
                                   Civil File No. 05-2691 (MJD/JJG)

COSTCO WHOLESALE CORPORATION,

      Defendant.
_____

Adam P. Rutzick, Rutzick Law Office, Counsel for Plaintiff.

Andrew L. Marshall, Bassford Remele, PA, Counsel for Defendant.
_____

## I. INTRODUCTION

This matter is before the Court on Defendant Costco Wholesale Corporation's Motion for Summary Judgment. [Docket No. 21] The Court heard oral argument on February 2, 2007.

## II. BACKGROUND

### A. Factual Background

#### 1. Slip and Fall Incident

On December 22, 2004, Plaintiff Lynne Peterson was shopping at a Coon Rapids, Minnesota store owned by Defendant Costco Wholesale Corporation. It

was a cold day but there was no precipitation.  Directly inside the exterior doors of the store is a vestibule where shopping carts are stored.  A second set of doors leads into the store.  The surface of the vestibule floor is cement, but the store places rugs in the vestibule to absorb moisture that is tracked into the store.

Peterson arrived at the store at approximately 1:20 or 1:30 p.m.  She walked into the store by herself.  She walked into the vestibule through the door that was on the right as she was facing the front of the store.

Peterson alleges that she tripped on one of the rugs as she walked across the vestibule to the left to get a shopping cart.  She did not see the rug before she tripped on it, and she was not sure what part of her foot caught the rug.  However, after her fall, one corner of the rug was tucked under itself.  Otherwise, there was nothing wrong with the rug.

Peterson fell forward and landed on her knees and then on her stomach.  Her knees were bruised after she fell.  Eventually, she was diagnosed with an infection in her left knee and had to have a knee replacement, which caused her to be disabled for several months.

After falling, Peterson went into the store and notified Costco management that she had tripped.  She called her husband to tell him that she had fallen and then continued her shopping for half an hour before filling out an incident report.

    **2.**    **Costco Safety Measures**

Before Peterson's fall, no other customer had tripped over a rug and injured herself at that store. Costco instructs its employees to inspect the vestibule and straighten out rugs if they were not flat. Generally, Costco tells its cart employees and member service employees, who check receipts when customers exit or cards when they enter, to keep the rugs "flat and safe."

Additionally, a Costco employee conducts a "floor walk" once an hour. During the floor walk, the employee checks multiple locations in the store for various things such as the temperature in the coolers and whether the rugs in the vestibule are flat and safe.

On December 22, 2004, Costco employee Debra Hillyard was checking customers' membership cards at the front of the store near the vestibule. She also conducted floor walks that day. After conducting a floor walk, Costco employees, such as Hillyard, fill out a form which states the time that the floor walk started, the time that it finished, and the status of each location checked, including the vestibule area. Hillyard always started her floor walk in the vestibule area where Peterson fell. On December 22, 2004, Hillyard began a floor walk at 1:00 p.m. At that time, the vestibule area was clear of any hazards and the rugs were flat on the floor.

On December 22, 2004, Costco employee Norbert Konz was assigned to go outside and bring shopping carts into the store. Although it was not his job duty,

Konz was watching the rugs all day to make sure they stayed flat because he thought it was important. He would check them after he brought a group of carts from the parking lot into the vestibule. Konz checked the rugs after each cart-gathering round and the rounds took approximately five to ten minutes.

Konz testified that he flattened the rugs that met the threshold of the outside door of the vestibule at least five times per day; however, Konz did not testify regarding the frequency of bunching of the rugs where Peterson fell, towards the middle of the vestibule.

### B. Procedural Background

Peterson originally sued Costco in Minnesota state court. Her Complaint alleges negligence by Costco "by failing to maintain the condition of the . . . premises in a reasonably safe condition for the users thereof." (Compl. ¶ III.) Costco removed the case to this Court on November 22, 2005, on the basis of diversity jurisdiction.

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking

summary judgment bears the burden of showing that there is no disputed issue of material fact. Celotex, 477 U.S. at 323. Summary judgment is only appropriate when "there is no dispute of fact and where there exists only one conclusion." Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994) (citation omitted).

### B.   Negligence Standard

Under Minnesota law, a business owner has a legal obligation to a business invitee, such as Peterson, "to keep and maintain its premises in a reasonably safe condition. Defendant is not an insurer of the safety of its customers but is required to exercise ordinary care for their safety." Sears, Roebuck & Co. v. Barkdoll, 353 F.2d 101, 102 (8th Cir. 1965) (citation omitted).

Peterson offers no evidence that Costco or its employees caused the rug to bunch up. "Where defendant and its employees have not caused the dangerous condition, the Minnesota court has consistently held that the burden is upon the injured party to establish that the operator of the premises had actual knowledge of the defect or that the defect had existed for a sufficient period of time to charge the operator with knowledge of its presence." Id. (citations omitted).

### C.   Constructive Notice

Constructive notice occurs when the particular defect "existed for a sufficient period of time to charge the [business] operator with constructive notice

of its presence." Wolvert v. Gustafson, 146 N.W.2d 172, 173 (Minn. 1966).

Analyzing Minnesota law, the Eighth Circuit has held that a plaintiff cannot not establish constructive notice of debris on a store's steps when there is no evidence regarding how long the debris was on the steps, and "[t]here is no proof that defendant was generally careless in permitting debris to accumulate. On the contrary, there is testimony that the steps were swept daily and that the manager and other employees as they passed over the steps from time to time made it a practice to remove any litter that might have accumulated." Sears, Roebuck & Co. v. Barkdoll, 353 F.2d 101, 103 (8th Cir. 1965). Whereas Sears swept the stairs daily and checked for litter "from time to time," Costco checked the rugs every hour, and its employees filed a written report of each hourly inspection. Additionally, Peterson has submitted no evidence that Costco's hourly inspections failed to meet industry maintenance standards. See Wells v. Minneapolis Metro. Airport Comm'n, NO. C0-92-1963, 1993 WL 140861, *2 (Minn. Ct. App. May 4, 1993) (unpublished) (affirming grant of summary judgment on claim of slipping on puddle when plaintiff submitted no evidence of notice and no evidence of defendant's failure to abide by industry standards for maintenance, but only evidence that area was inspected many times throughout day).

If the rug corner was turned up before Peterson fell, it could not have been turned up for more than twenty to thirty minutes. Peterson concedes that she

cannot prove how long the rug was bunched up before she fell. Furthermore, Peterson provides no evidence of an industry standard for inspection of rugs nor any evidence that hourly inspections are insufficient. The Court finds that, as a matter of law, Peterson cannot establish constructive notice.

D. **Actual Notice**

Peterson asserts that Costco had actual notice that its practice of using the rugs in question constituted a continuing danger for the store's customers. She argues that Costco employees, such as Konz, knew that the rugs tended to bunch up. Peterson claims that the vestibule rugs were a continuous danger, of which Costco was aware.

There is no evidence that any Costco employee knew that the rug in question was bunched up before Peterson fell. The fact that Costco knew that the rugs sometimes became wrinkled by customers does not mean that the hazard of a wrinkled rug was continuous. By analogy, any retailer knows that items sometimes fall off of the shelves and onto the floor, but no Minnesota case has deemed such a danger to be continuous. See, e.g., Wilder v. W. T. Grant Co., 132 N.W.2d 852, 853 (Minn. 1965) ("To require a large department store to be responsible for the unexpected movement of merchandise in its store which is safely displayed if left alone would make the storekeeper an insurer of everyone who enters the store. This, we have held in many cases, is not the law.").

Furthermore, Konz's testimony regarding the frequency of the rugs bunching is not relevant because he did not testify regarding the frequency of bunching of the rugs towards the middle of the vestibule where Peterson fell. Additionally, Peterson has submitted no evidence that the rugs themselves were defective.

Simply because a property owner is aware of a type of hazard may occur does not mean that the owner has actual knowledge at the particular time that the hazard occurs. For example, in Anderson v. St. Thomas More Newman Center, the plaintiff slipped on water in an entryway that was probably tracked into the building from the snow and ice outside. 178 N.W.2d 242, 251-52 (Minn. 1970). The Minnesota Supreme Court upheld a directed verdict for the property owner, reasoning, "It is true that regardless of the source of the water, the occupant of the premises would have been under a duty to use reasonable care to remove it, given actual or constructive knowledge of its presence. But there is nothing in the record from which the jury could decide factually whether this moisture had been present in the place where [the plaintiff] fell for any measurable period of time." Id. at 253-54. See also Otis v. First Nat'l Bank of Minneapolis, 195 N.W.2d 432, 433 (Minn. 1972) (affirming directed verdict for bank when customer slipped on puddle of water shed from customers' umbrellas or clothing on a rainy day because puddle could only have existed for twenty

8

minutes and "[t]he circumstances of time and condition were not such as to impose upon defendant a duty to have discovered and removed the puddle").

The Court holds that, as a matter of law, Peterson cannot establish actual notice.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

> Defendant Costco Wholesale Corporation's Motion for Summary Judgment. [Docket No. 21] is **GRANTED**.  This case is **DISMISSED WITH PREJUDICE**.
>
> **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   February 15, 2007                         s / Michael J. Davis
                                                   Judge Michael J. Davis
                                                   United States District Court